IN THE UNITED STATES DISTRICT COURT
FOR THE NORTER DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BOA VIDA HEALTHCARE, LLC, an Indiana limited liability company, and BOA VIDA HOSPITAL OF ABERDEEN, MS, LLC, d/b/a Monroe Regional Hospital,<br><br>Plaintiffs,<br><br>v.<br><br>PICKENS COUNTY HEALTH CARE AUTHORITY, an Alabama non-profit corporation,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>7:19-cv-00840-GMB |

## ANSWER TO COMPLAINT

Defendant Pickens County Health Care Authority (the "Authority") d/b/a Pickens County Medical Center (the "Hospital") hereby answers the Complaint filed by Plaintiffs Boa Vida Healthcare, LLC ("Boa Vida") and Boa Vida Hospital of Aberdeen, MS, LLC, d/b/a Monroe Regional Hospital ("Monroe") as follows.

No part of any allegation is admitted by inference or implication. Unless specifically, expressly, and explicitly admitted below, each and every allegation of the Complaint is denied. The Authority responds to the specifically-enumerated paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Authority is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

2. The Authority is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

3. It is admitted that Pickens County Health Care Authority d/b/a Pickens County Medical Center is an Alabama non-profit public corporation with its principal place of business located at 241 Robert K. Wilson Drive, Carrolton, Alabama 35447.

4. The allegations in this paragraph are denied as stated, but the Authority admits that this Court has jurisdiction over this matter.

5. It is admitted that the United States District Court for the Northern District of Alabama is the appropriate venue for this matter.

## FACTUAL ALLEGATIONS

6. It is admitted that Boa Vida holds itself out as providing health care facility management services. The remainder of this paragraph is denied.

7. It is admitted that the Authority managed the Hospital until late 2018 and that the Hospital was facing significant financial distress at the time. The remainder of this paragraph is denied.

8. It is admitted that the Authority and Boa Vida held discussions regarding a potential arrangement pursuant to which Boa Vida would assume responsibility for the Hospital's operations and attempt to improve the Hospital's financial condition. The remainder of this paragraph is denied.

9. It is admitted that the Authority contracted with Boa Vida for Boa Vida to assume responsibility for managing the Hospital. It is admitted that the Authority and Boa Vida entered into a Management Agreement, but the correct effective date for the Management Agreement is December 17, 2018. It is admitted that the Authority and Boa Vida entered into a Billing and Services Agreement effective as of February 25, 2019. It is admitted that the Authority and Monroe Regional Hospital entered into a Services Agreement effective as of March 11, 2019. The remainder of this paragraph is denied.

10. It is admitted that the Management Agreement, Billing Services Agreement, and Services Agreement contain the provisions referenced in this paragraph. To the extent this paragraph alleges or implies that Plaintiffs provided such services in compliance with the referenced agreements, such allegation or implication is denied.

11. It is admitted that, at the time Boa Vida assumed responsibility for operating the Hospital, the Hospital was in financial distress. The Authority is

without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

12. It is admitted that the Authority made no payments to Boa Vida or Monroe and that the Authority terminated the Management Agreement. The remainder of this paragraph is denied.

13. Denied.

## COUNT ONE - BREACH OF CONTACT - MANAGEMENT AGREEMENT

14. The Authority incorporates its responses to the preceding paragraphs, as if fully set forth herein.

15. Denied.

16. Denied that the Authority has breached the Management Agreement and denied that Boa Vida is entitled to any relief against the Authority.

17. The Authority denies that this paragraph accurately recites the complete terms of the cited provision.

The Authority denies that Boa Vida is entitled to any of the relief requested in the unnumbered paragraph at the end of Count One.

## COUNT TWO - BREACH OF CONTACT - BSA

14.[1] The Authority incorporates its responses to the preceding paragraphs, as if fully set forth herein.

15. Denied.

16. Denied.

17. The Authority denies that it has breached the agreement and denies that Boa Vida is entitled to specific performance.

The Authority denies that Boa Vida is entitled to any of the relief requested in the unnumbered paragraph at the end of Count Two.

## COUNT THREE - BREACH OF CONTACT - SERVICES AGREEMENT

18. The Authority incorporates its responses to the preceding paragraphs, as if fully set forth herein.

19. Denied.

20. Denied.

The Authority denies that Monroe or Boa Vida is entitled to any of the relief requested in the unnumbered paragraph at the end of Count Three.

---

[1] This and the following paragraphs reflect duplicate numbering as in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Authority upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Authority denies each and every material averment of the Complaint and denies any liability to the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' breach-of-contract claims are barred, in whole or in part, by their own breach of contract and/or wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by fraud.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and/or ratification.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiffs have suffered any damages for which the Authority might otherwise be liable, recovery of such damages is barred by Plaintiffs' failure to mitigate the same.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' breach-of-contract claims are barred, in whole or in part, by failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to set-off or recoupment.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees.

### ELEVENTH AFFIRMATIVE DEFENSE

The Authority reserves the right to assert any additional defenses as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, the Authority demands that judgment be entered in its favor, and against Plaintiffs, with prejudice, and awarding the Authority its costs and attorneys' fees incurred in this action.

s/ *James F. Henry*
James F. Henry
ASB-2274-H67J

s/ *Diane B. Maughan*
Diane B. Maughan
ASB-4912-U53D

Attorneys for Pickens County Health Care Authority d/b/a Pickens County Medical Center

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users of the system who have appeared in this case, including:

Wilson F. Green
FLEENOR & GREEN, LLP
1657 McFarland Blvd. N. Ste. G2A
Tuscaloosa, AL 35406

This 3rd day of July, 2019.

s/ *James F. Henry*
OF COUNSEL